UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BERNARD BARNETT,  : CIVIL ACTION NO. 3:CV-13-0192

    Petitioner : (Judge Nealon)

v. : FILED SCRANTON

DAVID J. EBBERT, Warden, : FEB 1 5 2013

    Respondent :

PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Bernard Barnett, an inmate currently confined in the Canaan United States Penitentiary, Waymart Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges a conviction and sentence imposed by the United States District Court for the Southern District of New York. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**Procedural Background**

In 1991, the Government filed Indictment 90 CR 913 in the Southern District of New York, charging Barnett, and other co-defendants, with nineteen (19) counts of narcotics and firearms violations. United States v. Roberts, et al., Criminal Action No. 1:90-cr-00913-LAP-6 (U.S. D.C. S.D. N.Y. (Foley Square) December 29, 1992). On December 6, 1991, a jury found Barnett guilty on counts 1 and 3-7, consisting of violations of 21 U.S.C. §§ 812, 841(a)(1), 841(B)(1)(A)-(C), and 18 U.S.C. § 2. Id. On August 13, 1992, Barnett was sentenced to a term of life imprisonment. Id. In 1993, the Court of Appeals affirmed Barnett's conviction by summary order. See United States v. Roberts, 9 F.3d 1537 (2d Cir. 1993) (unpublished table decision).

Thereafter, Barnett began filing a series of collateral attacks against his conviction in

various district and circuit courts, almost all of which were rejected. See United States v. Barnett, No. 90 Cr. 913, 2001 WL 883119, at *1 & n.2 (S.D.N.Y. Aug. 3, 2001). Barnett filed nineteen (19) successive motions for resentencing pursuant to 28 U.S.C. § 2255 that the Second Circuit summarily denied by mandate. Id. On October 4, 2006, the United States Court of Appeals for the Second Circuit entered an order enjoining Barnett from "filing any further motions, petitions, or other papers in this Court, unless leave of the court has first been obtained to file such papers." Barnett v. United States, No. 06-1702 (2nd Cir. Oct. 4, 2006).

On April 30, 2010, Barnett filed his most recent petition for leave to file a second or successive motion to vacate under 28 U.S.C. § 2255. See Barnett v. U.S., No. 10-1627 (2nd Cir. 2010). By Order dated May 18, 2010, Barnett's petition to file a second or successive petition was denied. Id.

On June 4, 2010, Barnett filed Barnett v. Holt, Civil No. 3:CV-10-1195 (M.D. Pa. June 4, 2010), pursuant to 28 U.S.C. § 2241, in which he raised various issues challenging his conviction and sentence. By Order dated June 11, 2010, this Court dismissed the petition for lack of jurisdiction, finding that Barnett could not circumvent the Second Circuit's denial of his many successive 2255 motions by recasting his claims under Section 2241. Id. On November 9, 2010, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. Id. By Order dated February 28, 2011, the Court of Appeals dismissed Petitioner's appeal as untimely, pursuant to 28 U.S.C. § 1915(e)(2)(B). Id.

On November 17, 2010, Barnett filed a motion to file a second or successive petition with the United States Court of Appeals for the Second Circuit. See Barnett v. United States,

2012 WL 1003594 (S.D.N.Y. March 26, 2012). By Order dated December 1, 2010, the Second Circuit granted Barnett's motion to file an application for leave to file a successive petition. (Doc. 1, Ex. 1 at 34). By subsequent Order dated December 21, 2010, the Court ordered the Government: (1) to provide the Court with "all relevant information concerning federal post-conviction relief sought by Petition with respect to the conviction that is the subject of the instant application; and (2) to address the issue of whether Barnett's motion would be successive pursuant to Magwood v. Patterson, –– U.S. ––, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) and Johnson v. United States, 623 F.3d 41 (2d Cir. 2010). Id. On February 22, 2011, the Government submitted a letter to the Court of Appeals, evincing its view that Barnett's petition was successive within the meaning of Magwood and Johnson. Id.

On April 20, 2011, the Second Circuit Court of Appeals issued an order that Barnett's proposed motion was not successive owing to his "successful collateral attack on his conviction result[ing] in the 1999 modification of his conviction and sentence" and because every subsequent Section 2255 motion had been treated as successive. See Barnett v. United States, 2012 WL 1003594 (S.D.N.Y. March 26, 2012). The Court of Appeals specifically noted, however, that the Government's timeliness argument was for the District Court to consider. Id. Thus, the Court of Appeals transferred the action to the District Court with instructions that a new 2255 motion be accepted for filing. Id.

On June 1, 2011, Petitioner filed a second petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court, in which he once again challenged his conviction and sentence. See Barnett v. Holt, Civil No. 3:CV-11-1053 (M.D. Pa. June 1, 2011). By Order dated June 3,

2011, the petition was dismissed for lack of jurisdiction. Id. On June 17, 2011, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit. Id. By Order dated September 21, 2011, the Court of Appeals affirmed this Court's dismissal. Id.

On March 26, 2012, the United States District Court for the Southern District of New York, acting on the Second Circuit Court of Appeals' April 20, 2011 mandate, determined that Petitioner's 2255 motion was time-barred, based on the following:

> The Court of Appeals has clarified that the relevant date for the purposes of Section 2255(f)(1) is the date on which Barnett's conviction became final following his successful collateral attack and 1999 modification of his conviction and sentence. [ See dkt. no. 1.] That date is January 8, 2001, the date on which his petition for a writ of certiorari was denied by the Supreme Court of the United States. (See Govt. Opp. at 4 and Ex. A, at 14.).[1] The instant petition was filed November 17, 2010, (Govt. Opp. at 1), more than nine years after Barnett's judgment of conviction again became final.
>
> Similarly, Petitioner may not invoke any of Section's 2255(f) (2)-(4) in excusing his long delay in raising these arguments. First, there has been no government impediment to Petitioner's filing a motion, as is amply demonstrated by Barnett's frequent filings. See 28 U.S.C. § 2255(f)(2). Second, the only Supreme Court doctrines asserted in the petition are the rules announced in LaBonte v. United States, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), and Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed. 2d 703 (1998), which were decided in

---

1. The Government's submission to the Court of Appeals details the procedural history at length, and is attached to the Government's opposition in this proceeding as Exhibit A. Significantly, Barnett made a successful collateral challenge to his original conviction and sentence in the Middle District of Pennsylvania which granted partial habeas relief on July 21, 1999. Barnett then appealed from the district court's decision not to consider his additional claims for relief, which decision was affirmed by the Court of Appeals for the Third Circuit in an unpublished decision filed July 31, 2000. See Barnett v. Fanello, 229 F.3d 1137 (3d Cir. 2000) (table). Barnett then petitioned for a writ of certiorari, which the Supreme Court of the United States denied on January 8, 2001. See Barnett v. Fanello, 531 U.S. 1084, 121 S.Ct. 790, 148 L.Ed.2d 685 (2001). At this point, Barnett's judgment of conviction again became final.

1997 and 1998, respectively, more than 12 years prior to the filing of this petition. (See Govt. Opp. at 4; 28 U.S.C. §§ 2255(f)(3). Finally, the Court agrees with the Government that the underlying facts supporting Petitioner's claims could have been discovered at any time after January 2001. (See Govt. Opp. at 4). The only changes in "facts" affecting the petition were the rules announced in LaBonte and Edwards, available since 1997 and 1998, respectively. See 28 U.S.C. §§ 2255(f)(4). Applying Section 2255(f), the Court finds that Petitioner's habeas motion is time-barred.

Petitioner does not seriously dispute that this motion is time-barred under 28 U.S.C. § 2255(f). Instead, Petitioner argues that, if time-barred, he should be permitted to argue these claims under 28 U.S.C. § 2241. (See Bernard Barnett Habeas Petition ("Pet.") at 17, ¶ 8 [dkt. no. 2]). Section 2241 provides for grants of writs of habeas corpus generally and, in particular, limits the issuance of writs to prisoners. See, e.g., 28 U.S.C. §§ 2241(c)(1)-(5). The Court of Appeals has recognized that while federal prisoners must generally invoke Section 2255 rather than Section 2241 to challenge the grounds of their incarceration, in "some very limited circumstances" claims substantively falling within Section 2255 may be properly filed under Section 2241. Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003); Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001). This is permissible where "remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention," 28 U.S.C. 2255(e), such that "the failure to allow for collateral review would raise serious constitutional questions." Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). Petitioner argues for inclusion of his petition in this species of claim.

The Court is constrained to reject this argument. Both the Court of Appeals and the district courts in this Circuit have made clear that a Section 2255 claim is not "inadequate" within the meaning of Section 2255(e) merely because a prisoner has not met its procedural requirements, so long as the claim itself was previously available on direct appeal. See, e.g., Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004); see also Eisa v. Immigration & Customs Enforcement, No. 08 Civ. 6204, 2008 WL 4223618, at *5 (S.D.N.Y. Sept. 11, 2008) (a petitioner seeking to invoke Section 2241 on a Section 2255 substantive claim must "assert[ ] a claim of actual innocence provable on the existing record that could not have been raised at an earlier time"). Here, Petitioner does not argue a claim of actual innocence and raises only arguments that were previously available to him at the time he took his

> direct appeal from his otherwise final judgment of conviction in the
> Eastern District of Pennsylvania in July 1999. See supra n.1.
> Accordingly, having failed to satisfy the procedural requirements in
> Section 2255(f), he may not now pursue habeas review via Section 2241.
> See Adams, 372 F.3d at 135. Thus, Petitioner's Section 2255 motion
> remains time-barred and the Court does not reach the merits of any
> claims contained therein.

Barnett v. United States, 2012 WL 1003594 at *2-3.

On December 18, 2012, the United States Court of Appeals for the Second Circuit denied Barnett's leave to appeal, finding the following:

> Petitioner, pro se, moves for leave to appeal from the district court's
> denial of his 28 U.S.C. § 2255 motion. Upon due consideration, it is
> hereby ORDERED that leave to appeal is DENIED because Petitioner's
> motion does not "present a matter requiring plenary consideration," nor
> does it represent a departure from Petitioner's "prior pattern of vexatious
> filings." See In re Martin-Trigona, 9 F. 3d 226, 229 (2d Cir. 1993).
> Leave to appeal is not warranted because Petitioner has not advanced any
> plausible argument that the district court erred in denying his § 2255
> motion on the ground that it was time-barred under 28 U.S.C. § 2255(f).
> See 28 U.S.C. § 2255(f). Contrary to Petitioner's assertion, this Court's
> April 2011 Order transferring his § 2255 motion to the district court
> merely stated that his proposed § 2255 motion was not successive, but
> expressly left any determination regarding timeliness of the proposed §
> 2255 motion to the district court.

Barnett v. United States, No. 12-3987 (2nd Cir. Dec. 18, 2012).

On January 25, 2013, Petitioner filed his third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking, inter alia, to "allow [Petitioner] to resort to §2241 as § 2255 is shown to be 'ineffective'", which is the subject of this opinion. (Doc. 1, petition).

**DISCUSSION**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906, 91 S. Ct. 147, 27 L. Ed. 2d 143 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States vs. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See 28 U.S.C. § 2255(e) (stating that the motion must be filed in "the court which sentenced him").

A defendant can pursue a section 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; see also United States vs. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The claimed inadequacy or ineffectiveness of § 2255 must be a "limitation of scope or procedure . . .

prevent[ing] a Section 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke vs. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle vs. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." Cradle, 290 F.3d at 538 (citing Garris vs. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)); see also Jeffers vs. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motion "does not make § 2255 inadequate or ineffective."). The Petitioner has the burden of proving that § 2255 would be an inadequate or an ineffective remedy. Reyes-Reguena vs. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack vs. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown vs. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, it is apparent that Barnett's petition is not viable under 28 U.S.C. § 2241, as he is once again trying to challenge his conviction and sentence. Barnett has already filed several motions pursuant to § 2255 motion in the Southern District of New York. Additionally, he has filed requests in the Second Circuit Court of Appeals seeking permission to file second or successive § 2255 motion. However, his requests to file a second or successive § 2255 motion have been rejected. To the extent that Petitioner argues that Court of Appeals for the Second Circuit "granted [him] permission to file [his] successive § 2255 as a first one" and that the

District Court "overruled the Second Circuit Court of Appeals and 100% ignored Supreme Court case law and 'time-barred' [him] under §2255(F)", Petitioner's argument is without merit. Contrary to Petitioner's view, the inquiries into whether Petitioner's motion is "successive" and whether it is "timely" under 28 U.S.C. § 2255(f) are independent. The Second Circuit Court of Appeals decided the former, and remanded the matter to the District Court, specifically to determine the timeliness of Petitioner's motion. See Barnett v. United States, 2012 WL 1003594 (S.D.N.Y. March 26, 2012). Thus, the District Court's finding, and the Second Circuit's affirmance, that Petitioner's § 2255 petition is untimely does not make section 2255 inadequate or ineffective. To the contrary, it demonstrates that § 2255 has been available to him on more than one occasion, regardless of his satisfaction with the outcome.

Petitioner has not presented any reason for allowing him to use section 2241. As noted, there must have been a limitation on scope or procedure in the section 2255 proceedings. Rejection of a petitioner's claims because they have already been litigated or are time-barred is not that type of qualifying limitation; rather it is a recognition that the court will not adjudicate claims that have already been addressed or are jurisdictionally unreachable. Additionally, Petitioner's lack of success in his 2255 proceedings does not establish that the remedy afforded by section 2255 was inadequate or ineffective for him, nor is any limitation he might now have in filing additional successive 2255 motions. Consequently, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed. A separate Order will be issued.

Dated: February 15, 2013

United States District Judge